PALADINO-NATANSON COMPANY, INC., Respondent, *v.*
THE STATE OF NEW YORK, Appellant.
(Claim No. 21645.)

(Submitted December 6, 1935; decided January 8, 1936.)

*John J. Bennett, Jr., Attorney-General* (*Leon M. Layden*
of counsel), for appellant. Under the provisions of the
contract respondent was not entitled to an additional
payment for the material excavated within the lines of
the highway. (*Halsted* v. *Globe Indemnity Co.*, 258 N. Y.
176; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Norton*
v. *Woodruff*, 2 N. Y. 153; *McCluskey* v. *Cromwell*, 11
N. Y. 593; *Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487.)

*Charles B. Sullivan* and *Benjamin McClung* for respond-
ent. Claimant was entitled under the contract to be

paid for all embankment in place, which claimant constructed at its contract price for such embankment, irrespective of the source from which the embankment material was obtained. The State was not entitled under any provision contained in the contract to deduct from embankment measured in place, as a pay item, such quantity as it might assume or estimate was formed from spoil material which became available to claimant for embankment construction through performance of the excavation work. (*United Water Works Co.* v. *Omaha Water Co.*, 164 N. Y. 41; *Industrial Trust Co.* v. *Tod*, 180 N. Y. 215; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Gillet* v. *Bank of America*, 160 N. Y. 549.)

CRANE, Ch. J. This is an appeal from an order of the Appellate Division affirming a judgment of the Court of Claims against the State of New York for the sum of $2,446.32, the balance claimed to be due on a contract with the State for the construction of Conduit boulevard, part 2, county highway No. 9107-C, Queens county. The claimant contracted to do certain grading and excavation work, including the building or placing of embankments. It has been paid in full with the exception of the amount mentioned, which represents the work done in connection with replacing certain excavated material.

The claimant was to be paid for excavating and for putting embankments in place. For the latter purpose he was to be paid extra for bringing the fill from other places. The State claims that the claimant was not to be paid for placing embankments where the material used was that excavated within the lines of the work and which the claimant was under contract to excavate. It is this amount of excavated material which is the basis of the claim. The dispute arises over the meaning and terms of the contract. The finding of the Court of Claims was as follows: " Under the provision of claimant's contract, he was entitled to pay for embankment in place whether said embankment had been furnished and formed from

materials excavated without or within the highway limits." The itemized proposal which formed part of the contract contained the following:

" No. 4   3,500 Cubic yards, unclassified
excavation for Seventy cents
per cubic yard.. .......... .    $2,450 00
" No. 4-A 15,000 Cubic Yards embank-
ment in place.............    $10,500 00."

The book of specifications adopted by the New York State Division of Highways January 2, 1929, formed a part of the contract and explained what work was to be done under this No. 4 item in the proposal. It read:

" Item 4 — Unclassified Excavation.

" a. Work.   Under these items the Contractor shall do all the excavation required in the construction of the road section and its structures and connections, the placing and compacting of the excavated materials, and the rolling of the whole earthwork surface of the roadway — all as shown on the plans or as ordered by the Engineer.

" c. Disposal of excavated material.   All suitable materials from the excavation shall be used so far as practicable in making embankments, building up low places on the subgrade or shoulders, and such other places as directed.
*      *      *      *      *      *      *

" p. Measurement and payment.   The prices bid for Items 2, 3 and 4 shall cover all labor, materials, supplies, plant, tools and incidentals for the removal, delivery and placing of excavated materials in embankments or spoil banks and for rolling, compacting and grading the same and all other work incidental thereto."

These provisions of the contract would to our minds require the materials from the excavation within the highway limits to be used as far as practicable in making embankments, and fix the prices bid under item No. 4 to include the placing of said excavated materials in embankments.   Evidently there was not enough of the

excavated material within the lines of the highway to meet the requirements for the proper construction of the road, and the contractor was expected to get the material for the fills and embankments elsewhere. The "borrow pits" outside the highway were to be acquired by the contractor at his own expense, but item 4-A provided the price that the contractor was to be paid for constructing the embankments out of such "borrow pit" material. For all of this it has been paid, the dispute being, as above stated, over the material excavated within the lines.

The Attorney-General interprets this contract as meaning the following: Under item 4 material taken from within the highway lines and placed by the contractor in the completed embankment is included within the price bid under this item for ". Unclassified Excavation." Item 4-A refers to material procured by the contractor from without the highway lines, the cost of which to the State is covered by the price bid for embankment in place.

The contract provisions which we have quoted fully justify the stand which the State has taken in this matter, and we are, therefore, obliged to reverse the judgment and dismiss the claim, with costs.

The judgments should be reversed, and the claim dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.